McDonald, J.
The Plaintiffs’ motion is DENIED for the following reasons:
Using Mass.R-Civ.P. 23(a) as a framework but with G.L.c. 93A, §9(2) as the determinative standard, I find that although there is a certain similarity of situation and injury among and between the proposed class and named plaintiffs, there are also significant differences. Most significant among such differences are facts underlying the individual claims for coverage that were denied or terminated and the variability of the ties of the named plaintiffs and the proposed class members to the Commonwealth.
A related and compounding factor is the likelihood that the substantive law of multiple jurisdictions would have to be applied to the class members’ claims on account of the operation of conflict of laws principles and by the exclusivity provisions of state statutory regimes for addressing insurance settlement practice-related claims similar to those described in the complaint. See e.g. Reicher v. Berkshire Life Ins. Co. of Am., 360 F.3d 1, 5-6 (1st Cir. 2004).
Further, what is missing here is the “pressing need for an effective private remedy for consumers" through the c. 93A class action vehicle. Aspinall v. Phillip Morris *59 Companies, 442 Mass. 381, 391 (2004). Specifically, it does not appear that the alleged common injuries “would most effectively be redressed through [this 93A class action].” Id. at 392. In this respect, I note the current national implementation of the Regulatory Settlement Agreement (“RSA”), as referenced in the parties’ filings. The Commonwealth’s Insurance Commissioner was one of the principal participants in the forging of the RSA and in its implementation. The central provision of the RSA is a protocol for the reconsideration of denied or terminated coverage decisions arising from the alleged fraudulent scheme underlying this action.
In addition, there is currently pending in the US District Court for the District of Tennessee a class action similar in substance to that proposed by the named plaintiffs.
Finally, the narrowness of the claim and requested relief here (non-ERISA issues and exclusively injunc-tive relief) risks the fragmentation of the litigation process that has arisen from the defendants’ alleged fraudulent claims settlement practices. As such, certification of the class here would not advance the fair and efficient administration of justice, nor would it effectively provide redress to those victims of the alleged fraud. Aspinall, supra